UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD SIMPSON,

                                Plaintiff,

        v.                                              1:08-CV-545

AWC 1997 CORP. et al.,

                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff commenced the instant action in state court against Defendants asserting personal injury claims arising out of his exposure to asbestos. Defendant General Electric ("G.E") removed the action to this Court. Presently before the Court is Plaintiff's motion to remand the matter to state court.

**I.    FACTS**

Plaintiff commenced the instant action in state court in March 2008. GE received the summons and complaint in late March 2008. The complaint did not provide G.E. with sufficient detail to inform it that the case might have been removable to federal court. On April 18, 2008, a paralegal in the office of Plaintiff's counsel sent an e-mail to G.E.'s counsel including "a copy of Interrogatories and all available Medical Records." Attached to the e-mail were six documents. Five of the documents were medical records in the portable document format known as "pdf". Such files have the file extension ".pdf". The sixth document was the interrogatory response and was in a file format used by the WordPerfect

word processing program, and had the file extension of "wpd".  Plaintiff's response to Interrogatory 13(e) provided as follows:

> (e) Plaintiff worked with and around the following asbestos-containing equipment and materials:
>
> From 1965 until 1994, Plaintiff worked for General Dynamics Electric Boat Division.  Plaintiff worked at several different General Dynamics Electric Boat Division facilities, including but not limited to, the Groton and West Milton sites.  During his tenure at General Dynamics, Plaintiff held various positions including but not limited to, a Electrical Test Tech Supervisor, Test Engineer and Test Supervisor.  At this time, Plaintiff believes he handled or worked with various types of asbestos-containing materials, particularly those found in submarines.  Plaintiff worked on many submarines including but not limited to, Francis Scott Key, Nautilus, NR1, Ben Franklin, Bergall, Seahorse, Flying Fish, Bluefish, Archerfish, Trepark, Glenard P. Limscomb, Minneapolis-St. Paul, Ohio, Silversides and Windsor.  Additionall, but not limited to, Hull numbers, 640, 671, 685, 708, 705, 706, 707, 726.  In addition, other employees of General Dynamics, and/or outside contractors or subcontractors, in the vicinity of Plaintiff, handled or worked with carious (sic) types of asbestos-containing materials.  At this time, Plaintiff believes that he and/or other employees of General Dynamics, outside contractors or subcontractors handled and or worked with asbestos contained in and/or covering boilers, pumps, valves, pipes, lagging, reciprocators, compressors, condensers, turbines, engines, fans, heaters, motors, generators, switches, gaskets, packing, wire and cable and other like equipment and products/materials.  Plaintiff cannot presently identify all of the manufacturers of said products but states that he would have handled and/or worked with, or others in his vicinity would have handled and/or worked with all said materials manufactured and used at his job site during the periods he was employed.  Plaintiff will further supplement this response with his testimony given in this matter and may further rely upon the testimony of co-workers.

On April 28, 2008, counsel for G.E. received an e-mail from Plaintiff including the identical response to interrogatories in the pdf format.  On May 1, 2008, Plaintiff testified at deposition that he was exposed to asbestos on G.E. turbines aboard certain Navy ships identified in his response to interrogatories.

On May 22, 2008, G.E. removed the state action to this Court invoking 28 U.S.C. § 1442(a)(1). Presently before the Court is Plaintiff's timely motion to remand to state court.

## II.     STANDARD OF REVIEW

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction." Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006). Because G.E. is seeking to remove the action to this Court, it has the burden of establishing jurisdiction. Id; see also California Public Employees' Retirement System v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004). "[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002). "A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446, as a matter of fact and law." Emerald Grande, Inc. v. Junkin, 2008 WL 2776229, (N.D. Fla. 2008); see also Hilbert v. McDonnell Douglas Corp., 529 F. Supp.2d 187, 194 (D. Mass. 2008); Burr ex rel. Burr v. Toyota Motor Credit Co., 478 F. Supp.2d 432, 436 (S.D.N.Y. 2006).

## III.    DISCUSSION

There is no dispute, and the Court finds, that the original state court complaint did not put Defendant General Electric ("G.E.") on notice that this action was removable. The questions before the Court are whether Plaintiff's response to Defendants' First Set of Interrogatories was sufficient to put G.E. on notice and, if so, whether G.E.'s notice was timely filed after receipt of that document.

To put a defendant on notice that an action is removable, the defendant must receive some paper "containing sufficient information to enable the defendant to intelligently

ascertain the basis for removal." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 198 (2d Cir. 2001). Such information must appear from the face of the document. Whitaker, 261 F.3d at 206; Contois v. Able Industries, Inc., 523 F. Supp.2d 155, 157-68 (D. Conn. 2007); Richstone, M.D. v. Chubb Colonial Life Ins., 988 F. Supp. 401, 402-03 (S.D.N.Y. 1997). "A paper enables a defendant to intelligently ascertain removability when it provides the necessary facts to support the removal petition." Whitaker, 261 F.3d at 206 (internal quotation and citation omitted). "While this standard requires a defendant to apply a reasonable amount of intelligence in ascertaining removability, it does not require a defendant to look beyond the [face of the paper] for facts giving rise to removability." Id.

Although not a model of specificity, Plaintiff's response to interrogatory 13(e) indicates: (1) Plaintiff's years of employment; (2) his claim that he was injured by exposure to asbestos; (3) that his exposure to asbestos was primarily from working on submarines; (4) that he worked on specific Navy submarines; (5) that some of the asbestos exposure came from turbines; and (6) information from which G.E. could (and actually did) determine whether it manufactured turbines on those ships for the Navy. See G.E. Mem. of Law at 5 n.1. Although the interrogatory response does not specifically state that it was G.E. that manufactured the turbines, the Court finds that, with the exercise of reasonable intelligence, G.E. could have concluded (and did conclude) that it, a major manufacturer of turbines, was being held responsible for exposure to asbestos in and around the turbines in the Navy submarines. The Court concludes that the language in this document is sufficient to put G.E. on notice that this action was removable.

The next issue, therefore, is whether G.E. timely filed its notice of removal. Plaintiff contends that G.E. was on notice as of April 18, 2008, the date Plaintiff sent an e-mail to

G.E.'s counsel attaching a WordPerfect copy of the response to interrogatories. G.E. responds that April 18 is not the controlling date because: (1) its office does not support the WordPerfect word processing program; (2) the e-mail did not constitute proper service of interrogatories; and (3) the response was unsigned and, therefore, not a proper interrogatory response.

The Court rejects G.E.'s second and third arguments because "[o]nce the Defendant is properly before the court, as here, and discovers grounds for removal, Defendant must remove 'within thirty days of discovering those grounds, regardless of whether such information is contained in properly served amended pleadings or from some other source. . . .' The statute does not require formal service, but notice must be in writing." Martin v. Mentor Corp., 142 F. Supp.2d 1346, 1349 (M.D. Fla. 2001) (quoting Trahant v. Metropolitan Property and Causalty Ins. Co., , 2000 WL 1473598 (E.D. La. 2000) and citing Sunburst Bank v. Summit Acceptance Corp., 878 F. Supp. 77, 81 (S.D. Miss. 1995)). The "other paper" may include all types of papers, including discovery responses or statements of a plaintiff. See Sunburst, 878 F. Supp. at 80 (and cases cited therein). "This actual notice may be communicated in a formal or informal manner." Polk v. Sentry Ins., 129 F. Supp.2d 975, 978 (S.D. Miss. 2000). Thus, in Martin the court held that the plaintiff's facsimile transmittal of a settlement proposal satisfied the written notice requirement to establish the amount in controversy for purposes of determining diversity jurisdiction. Similarly, in Horton v. Bank One, N.A., 387 F.3d 426 (5th Cir. 2004), the Fifth Circuit affirmed the denial of a motion to remand on the grounds that the defendant timely removed the action upon receipt of a settlement offer that put it on notice of the grounds for removal. This Court agrees that, where a Defendant has already received a summons and complaint, the "other paper"

referenced in the second paragraph of 28 U.S.C. § 1446(b) need not be a formal pleading and need not be formally served. Thus, the e-mail notification qualifies as a sufficient writing regardless of the fact that it was unverified and/or unsigned.

The remaining issue is whether G.E. was able to read the document sent by e-mail on April 18, 2008. G.E. acknowledges receipt of the April 18 e-mail, but states in its memorandum of law that the WordPerfect format "is not a word processing program supported by SDMA's office." G.E. made similar claims in its June 10, 2008 letter to Plaintiff. Although G.E. claims that WordPerfect "is not a word processing program supported by SDMA's office," it provides no evidence of this fact, such as an affidavit from someone responsible for overseeing its computer operations. Moreover, at no time does G.E. affirmatively state that it was unable to open the document. G.E. similarly fails to rule out the possibility that whatever word processing program it does have, or other programs available to it, could open the WordPerfect attachment. It is well-known that the other leading word processing program, Microsoft Word, has long been capable of opening WordPerfect documents. It is difficult to conclude that G.E.'s counsel, a large firm consisting of over 400 attorneys with thirteen offices in the United States and Europe, could not open a WordPerfect document. Considering that the burden of establishing compliance with the procedural requirements of 28 U.S.C. § 1446 is upon Defendant G.E. and G.E. failed to submit evidence that it was unable to open the "wpd" attachment to the April 18, 2008 e-mail, the Court finds the notice of removal was untimely because it was filed more than thirty days after it received the April 18, 2008 e-mail.

**IV.     CONCLUSION**

For the foregoing reasons, the Court finds that G.E. did not timely file a notice of removal and this matter is, therefore, REMANDED to the New York State Supreme Court for Schenectady County.

IT IS SO ORDERED.

Dated: July 23, 2008

_____
Thomas J. McAvoy
Senior, U.S. District Judge